IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>2018 Isuzu FTR Cab Truck,<br>VIN: 54DK6S167JSG00606;<br>2016 Ferrari California,<br>VIN: ZFF77XJA4G0212471;<br>$33,275.00 U.S. Currency Seized from Joseph Ruis;<br>Assorted Watches Seized from Joseph Ruis,<br>$5,000 U.S. Currency Seized from Kimberly Diane Drumm,<br><br>Defendants. | ) | Civil Case No. 1:19cv |

VERIFIED COMPLAINT *IN REM*

Plaintiff, United States of America, by its undersigned attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Karen Ledbetter Taylor, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

NATURE OF THE ACTION

1. This is a Verified Complaint for Forfeiture *In Rem* brought pursuant to Title 21, United States Code, Section 881(a)(6), for forfeiture of the following property, as things of value furnished or intended to be furnished by any person in exchange for a controlled substance or proceeds traceable to such an exchange, or as property used or intended to be used to facilitate an exchange of controlled substances in violation of Title 21, or as a conveyance used or intended to

be used to transport the sale, receipt, possession, or concealment of controlled substance that have been manufactured, distributed, dispensed, or acquired in violation of Title 21. In addition, the defendant Ferrari constitutes property involved in money laundering and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(a).

## THE DEFENDANTS *IN REM*

2. The defendant 2018 Isuzu FTR Cab Truck was seized by the Drug Enforcement Administration (DEA) on May 14, 2019, from Eliquid Mixer Inc. in Palm Desert, California. The defendant 2016 Ferrari California was seized by the DEA on May 14, 2019, from Joseph Ruis in Rancho Mirage, California. The defendant $33,275.00 U.S. currency was seized by the DEA on May 14, 2019 from Joseph Ruis at 34750 Spyder Circle, Palm Desert, California. The defendant Assorted Watches were seized by the DEA on May 14, 2019, from Joseph Ruis and are more particularly described as 1 GTS Rolex Day-Date 18k Yellow Gold Presidential with Diamond Bezel valued at $39,500.00; 1 GTS Patek Philippe Annual Calendar Moon Phase 18k Yellow Gold, valued at $38,000.00; 1 Rolex Masterpiece Day-Date Platinum Diamond Bezel Diamond dial, valued at $49,950.00; 1 GTS Rolex Sea-Dweller Deepsea Black Ceramic, valued at $9,750.00. The defendant $5,000.00 U.S. currency was seized by the DEA on May 14, 2019, from Kimberly Diane Drumm. The defendants are presently in the custody of the DEA in California.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C.

' 1345, and over an action for forfeiture under 28 U.S.C. ' 1355(a). This Court has jurisdiction over this action in particular pursuant to the applicable forfeiture statutes, 18 U.S.C. § 981 and 21 U.S.C. ' 881.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. ' 1355(b)(1)(A), as acts giving rise to forfeiture occurred within the Eastern District of Virginia. Moreover, the Court will have control over the defendant property upon the service of an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the defendant property pursuant to 28 U.S.C. ' 1355(d) and Supplemental Rule G(3)(b).

5. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. ' 1355(b)(1)(A) because acts giving rise to forfeiture occurred within the Eastern District of Virginia.

BASIS FOR FORFEITURE

6. All moneys or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or proceeds traceable to such an exchange, and all moneys or other things of value used or intended to be used to facilitate a controlled substance exchange in violation of Title 21, are subject to forfeiture pursuant to 21 U.S.C. ' 881(a)(6). In addition, all conveyances that are used, or intended to be used, to transport or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances that have been manufactured, distributed, dispensed, or acquired in violation of Title 21, are subject to forfeiture pursuant to 21 U.S.C. ' 881(a)(4). In addition, the defendant Ferrari and defendant Isuzu truck constitute property involved in money laundering and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(a).

## FACTS

7. In April 2017, state and federal law enforcement in Virginiabegan a joint investigation into the retail distribution of synthetic cannabinoids from a convenience store at a gas station in Warrenton, Virginia after local law enforcement received intelligence that several individuals had been admitted to local emergency rooms after having consumed quantities of synthetic cannabinoids purchased from the gas station in Warrenton. Through a series of undercover buys, investigators seized several quantities of synthetic cannabinoids containing Schedule I controlled substances from the owners of the gas station.

8. Subsequent investigation revealed that customers were purchasing synthetic cannabinoids from an online website called "Aroma Superstore" which marketed synthetic cannabinoids as "herbal incense." Customers were advised to send payments for the "herbal incense" via cashier's check made payable to "New World Marketing" and/or "New World Holdings."

9. Through subscriber records associated with the phone number for Aroma Superstore, investigators identified Joseph Ruis and Kimberly Drumm as being involved with Aroma Superstore/New World Marketing.

10. Several controlled purchases of "herbal incense" from Aroma Superstore were conducted at the direction of law enforcement in February 2018.

11. Bank records from New World Marketing U.S. Bank account ending in 9943 for which Ruis had signature authority, revealed the deposit of cashier's checks from the controlled buys into this bank account.

12. A total of approximately $1,009,169.13 in money orders and cashier's checks were deposited into the 9943 account between January 2017 and December 2018.

13. From February 2017 through July 2018, payments totaling approximately $19,031.67 were made from the 9943 account for the defendant Ferrari.

14. In March 2018, after learning of electronic mail (email) correspondence from Aroma Superstore regarding on-line discounts for customers who use "Echeck" and advertising five and ten milliliter containers of "Bizarro" liquid, which is a liquid form of synthetic cannabinoids, a controlled purchase of four 60-milliliter quantities of "Bizarro" liquid for $300 a piece was made.

15. Email correspondence confirmed the purchase and directed that payment be made to New World Holdings Inc. at a private commercial mail receiving agency (CMRA Box 1). Bank records reveal that the $1,200 cashier's check made payable to New World Holdings Inc was deposited into a Comerica Bank account ending in 4433 for which Bonnie Turner has signature authority.

16. In June 2018, a controlled purchase of additional synthetic cannabinoids was made for $1,006.15 and payment via cashier's check was sent to a second private mailbox (CMRA Box 2). Bank records reveal that this cashier's check was deposited into the 4433 account.

17. Bank records show a total of $1,046,371.48 in money orders and cashier's checks were deposited into the 4433 account between October 2017 to June 2018. In addition, Turner and Drumm both received payroll checks from the 4433 account.

18. From November 2017 to August 2018 payments totaling approximately $23,260.93 were made from the 4433 account for the defendant Ferrari and approximately $11,241.17 for the defendant Isuzu truck.

19. In April 2019, another controlled purchase of synthetic cannabinoids from Aroma Superstore's website was made, with the cashier's check being deposited into a Wells Fargo Bank account ending in 2005.

20. Bank records reveal a total of approximately $809,279.60 in money orders and cashier's checks were deposited into the Wells Fargo Bank account ending in 2005.

21. Between August 2018 and March 2019, a total of approximately $16, 917.04 were made from the 2005 account for the defendant Ferrari and $1,441.73 for the defendant Isuzu truck.

22. The defendant Isuzu truck was seen on surveillance footage multiple times at the location where the synthetic cannabinoids was produced.

23. Ruis was charged with being the leader of a narcotics trafficking organization andf money laundering in New Jersey in 2009 and convicted of money laundering in 2010. Drumm was convicted in New Jersey of money laundering in 2010.

24. Ruis has no legitimate source of income. The income he does admit to came from businesses he used solely to conduct drug trafficking activities involving synthetic cannabinoids. The income Drumm has admitted to in the last five years is insufficient to support her lifestyle.

CONCLUSION

25. Based on the foregoing, the defendant property is subject to forfeiture pursuant to 21 U.S.C. ' 881(a)(6), as money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or proceeds traceable to such an exchange, or used or intended to be used to facilitate a controlled substance exchange in violation of Title 21, or are subject to forfeiture pursuant to 21 U.S.C. ' 881(a)(4) as conveyances that were used, or intended to be used, to transport or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances that have been manufactured, distributed, dispensed, or acquired in violation of Title 21. In addition, the defendant Ferrari and defendant Isuzu truck constitute property involved in money laundering and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(a).

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant property and that due notice be given to all interested parties to appear and show cause why said forfeiture of the defendant property should not be decreed, that the defendant property be condemned and forfeited to the United States to be disposed of according to law, and for such other and further relief as this Honorable Court may deem just and proper.

DATED this 13th day of November 2019.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/

Karen Ledbetter Taylor
Assistant United States Attorney
United States Attorney=s Office
Justin W. Williams U. S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3982
Email Address: Karen.Taylor2@usdoj.gov

VERIFICATION

1. I am a Special Agent with the U.S. Department of Homeland Security and as such, have knowledge of the facts underlying this action.

2. I have read the within verified complaint *in rem* and know the contentws thereof.

3. The matters contained in the within verified complaint *in rem* are true and accurate to the best of my knowledge, information and belief.

4. The source of my information and the grounds for my belief are my personal knowledge and information provided by other law enforcement officers and government agents.

I declare under penalty of perjury that the foregoing is true, to the best of my knowledge, information, and belief.

Dated: November 12, 2019

Michele W. Dowling

Michele W. Dowling, Special Agent
U.S. Department of Homeland Security